BRITISH AMERICA ASSURANCE COMPANY v. C. KELLNER
ET AL.

FILED JUNE 20, 1900.   No. 9,214.

1. Verdict: EXCESSIVE DAMAGES: EVIDENCE. Evidence examined, and verdict of jury for plaintiff in the sum of $950.29 found to be excessive, and the judgment thereon not supported by the evidence.

2. ———: REMITTITUR. Leave given plaintiff, defendant in error, to file, within forty days, a remittitur in the sum of $96.59, in which case judgment with costs is affirmed.

ERROR to the district court for Madison county. Tried below before ROBINSON, J. *Affirmed upon filing of remittitur.*

*C. J. Garlow,* for plaintiff in error.

*Reed & Ellis* and *Reed & Gross, contra.*

HOLCOMB, J.

Suit was instituted by the defendant in error to recover on a policy of insurance issued by the plaintiff in error, which resulted in a verdict in favor of the assured for the sum of $950.29.

At the time of the rendition of the verdict the jury also returned special findings to the effect that the property insured had suffered no depreciation by reason of age and wear, and fixing its value at $1,700.

It is stipulated in the record that the plaintiff is entitled to recover, if at all, for one-half of the value of the property insured, the same being an elevator building for storing and shipping grain. It is likewise stipulated that the *pro rata* value of certain machinery destroyed, which was covered by the policy of insurance, was $50.

A motion for a new trial was overruled, and judgment entered on the general verdict returned by the jury. We are asked to review the proceedings had in the trial court, the only ground of error assigned being the alleged excessive verdict of the jury, which, it is contended, is not supported by the evidence.

The plaintiff in error urges that the value of the property insured, at the time of the loss by fire, as shown by the evidence, was much less than the amount fixed by the jury. But three witnesses testified as to the value of the property insured. The husband and agent of the plaintiff, who procured the insurance to be written, testified that the elevator was worth, at the time of its destruction, $3,000. The valuation thus placed on the property is so palpably erroneous as to render it of little, if any, evidential weight.

Two other witnesses, each having considerable experience in the construction of elevators, and being ac-

quainted with the value of such structures, placed the value of the property, after allowing for depreciation by reason of age and wear, at the sum of $1,109, and $1,510, respectively.

The witness fixing the higher valuation, viz., $1,510, and whose evidence was in the nature of expert testimony, testified that such a building, when new or in a condition as good as new, was worth $1,758, and that, in arriving at the valuation placed thereon by him, he had allowed for depreciation the sum of $248, or 2 per cent per year for the period during which the elevator had been in use. He also, in substance, testified that the depreciation, in order to be accurately determined, must be considered in connection with the state of repair in which the building had been kept; that if a building were kept in good condition, and in perfect repair, it would depreciate but little, if any.

The witness Kellner, the husband and agent of the plaintiff, testified that the property had always been kept in first-class No. 1 condition, and was in good repair and condition at the time it was burned. He also testified that a year or two before the property was burned he purchased it, and that it was then thoroughly "overhauled," and was just the same as new; that since that time he had kept it in an excellent state of repair. This evidence is uncontradicted, and from it the jury doubtless reached the conclusion announced in their special finding, that there was no depreciation in value.

While no doubt there was some depreciation in value, it appears in this case to be very slight, and we are not prepared to say that the jury was not justified from the evidence in finding as they did, that there was none. An examination of the evidence on this point has led us to believed that the depreciation was inconsequential, and that the amount of the depreciation, as fixed by the two expert witnesses, was of general application to all similar structures, rather than as applying specifically to the building in controversy. It may also be noted that the

value of the building, as fixed by one witness, without allowing for depreciation, was $1,758, while the jury found the value to be only $1,700.

It further appears from the uncontradicted evidence, that the foundation of the building was but little injured by the fire, and that its value should be deducted from the value of the entire structure as found by the jury. The value of this foundation, as fixed by one witness, was $208, from which should be deducted $25 for damage to same and clearing up rubbish, leaving a net valuation of the undestroyed foundation in the sum of $183. This seems not to have been taken into account at the trial, and the value of the building as found by the jury should be diminished in that sum, which would leave the value of the property actually destroyed at $1,517.

The evidence, we think, will not support a judgment for a greater sum than half the amount last mentioned, together with the value of the machinery as stipulated, viz., $50, and interest on the two sums from the time the loss was due and payable to the date of the judgment, or for the period of nine and one-half months. The sums above mentioned, with interest, aggregate $853.30.

The evidence being insufficient to support a verdict and judgment for a larger sum, the judgment of the trial court should be reversed. Leave, however, is given the plaintiff (defendant in error), to file with the clerk of this court, within forty days from the filing of this opinion, a remittitur of the principal sum of the judgment rendered, in the sum of $96.59, in which case the judgment will be affirmed with costs.

JUDGMENT ACCORDINGLY.